# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ERNEST A. ROGERS, JR. # 188223     *

        Petitioner     *

        v.     *    Civil Action No. GLR-13-3540

SUZANNE FISHER, *Warden*, et al.     *

        Respondents     *

                * * *

## **MEMORANDUM**

Pending is Earnest A. Roger, Jr.'s Petition for Writ of Habeas Corpus challenging his confinement. ECF No. 1. Respondents, Suzanne Fisher, Warden of the Maryland Reception, Diagnostic and Classification Center ("MRDCC"), and Douglas Gansler, Attorney General of Maryland, by their counsel have filed a Response seeking dismissal of the Petition because the claims presented have not been exhausted. ECF No. 5. Petitioner was provided an opportunity to reply but has not done so. After careful consideration, the Court finds a hearing unnecessary, see Local Rule 105.6 (D. Md. 2011), and will dismiss the Petition without prejudice.

## **BACKGROUND**

Petitioner, who is self-represented, is an inmate committed to the custody of the Maryland Division of Correction ("DOC") and presently confined at the MRDCC in Baltimore City. He claims that Warden Fisher is detaining him unlawfully because he has not received a timely parole revocation hearing before the Maryland Parole Commission to determine whether he has violated the conditions of his parole. Rogers has not filed any petitions in state court

raising this issue. See ECF 5, Ex. 1.

## DISCUSSION

Before a prisoner may file a petition for habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. See Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion requirement "is rooted in considerations of federal-state comity." Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Moreover, "Congress has made the specific determination . . . that requiring the exhaustion of adequate state remedies in such cases will best serve the policies of federalism." Preiser, 411 U.S. at 492 n.10. The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (citing Wilwording v. Swenson, 404 U.S. 249, 250, (1971) (internal quotation marks omitted). Thus, exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995). This requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See 28 U.S.C. § 2254(b)(1)(a), (c) (setting forth exhaustion requirement); Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Rose v. Lee, 252 F.3d 676,

683–84 (4th Cir. 2001). Reasonable jurists would not find Petitioner's claims debatable; consequently, the Court declines to issue a Certificate of Appealability.

## CONCLUSION

For these reasons, the Court will dismiss the Petition without prejudice for lack of exhaustion and finds no grounds to issue a Certificate of Appealability. A separate Order follows.

January 29, 2014

/s/
_____
George L. Russell, III
United States District Judge